IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-265 |
| ) | |
| ANTRON TALLEY ) | |

## FININDINGS OF FACT AND CONCLUSIONS OF LAW

In accordance with Rule 23(c) of the Federal Rules of Criminal Procedure we make the following Findings of Fact and Conclusions of Law. Defendant, Antron Jamal Talley, a/k/a Marvin Talley ("Talley") stands charged in a one-count indictment with possession of a firearm and/or ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). Talley chose to proceed *pro se*. The Court appointed Jay Finkelstein, Esquire, of the Federal Public Defender's Office as stand-by counsel. Talley waived his right to a jury trial and proceeded non-jury and *pro se* until the time came for closing arguments where at Talley's request, Mr. Finkelstein took over.

## FACTS

At 3:41 a.m., on August 28, 2013, Zachary Hnesh ("Hnesh") was on Carson Street, in an area of Pittsburgh known as the "Southside." Hnesh was a visitor to the city and was waiting for a taxi cab to take him to his hotel (Tr. 98). It was raining. He denied that he had been drinking (Tr. 98). He saw two individuals pounding on a door about a block away and across the street (Tr. 99). He suspected the two were trying to break in, and therefore he called 9-1-1. The two

1

individuals disappeared for a short while, then returned with "some kind of tool." (Tr. 101). When asked by Government Counsel if the item could have been a tire iron, Hnesh said it could have been (Tr. 101). His cab arrived and as he was driving away the police arrived to the scene (Tr. 103).

Donald King ("King") called as a witness, testified that he had previously pled guilty to charges arising from this same incident in "state court." (Tr. 142).[1] King had not yet been sentenced on those charges and had also pled guilty in another unrelated gun case, also pending in "state court." (Tr. 142). He hoped that he would receive some benefit when sentenced in those cases from his testimony in this case (Tr. 142).

King and Defendant Talley were friends (Tr. 149). King has an agreement with the Federal Government that he would not be prosecuted if he testified in this case (Tr. 150). King testified that he had a gun and saw Talley with a gun after they kicked the door in and they were entering the apartment (Tr. 155, 156). Once he was upstairs, King saw that the police were coming, ran to a different room from the one in which he had been in, and put his gun in a closet (Tr. 157).

Police Officer Ryan Auvil arrested King inside the building, searched him and removed a folding knife and a roll of duct tape from King's pants pocket (Tr. 6, Second day of Testimony, May 27, 2015). When Talley was taken into custody, he was searched; no weapons were found (Tr. 7, Second day).

---

[1] The Court of Common Pleas of Allegheny County, Pennsylvania is often referred to as the "State Court."

2

The police had entered the building and gone up some stairs. There were two bedrooms on the third floor, one on the right and one on the left. King and Talley both ran out of the bedroom on the right (Tr. 48). The entire apartment appeared to be unoccupied. Officer Robert Pedley entered the room on the right from which he had seen both men run (Tr. 50). He found a small closet, only about 12 inches deep (Tr. 51). In it, on a shelf, was a piece of carpet with one handgun under it and another on top (Tr. 51). King testified that he had put his gun in the closet. He didn't know what Talley did with his (Tr. 157).

Elizabeth Acosta, a former tenant, denied ever having any guns or ammunition in the apartment (Tr. 89). Fortunato Rose, also a former tenant, testified that no one ever had a hand gun in the apartment (Tr. 108).

## CONCLUSIONS OF LAW

The elements of the charged offense are as follows:

1. That Antron Jamal Talley a/k/a Marvin Talley has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.
2. That after this conviction, Antron Jamal Talley a/k/a Marvin Talley knowingly possessed the firearm(s) and/or ammunition described in Count One of the Indictment; and
3. That Antron Jamal Talley a/k/a Marvin Talley's possession was in or affecting interstate or foreign commerce.

The Government and the Defendant stipulated as to certain elements of the crime:

> The parties stipulate that the defendant was convicted in a court of a crime that is punishable by imprisonment for a term exceeding one year. The parties also stipulate that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the firearm(s) and/or ammunition charged in the indictment. [ECF No. 67]

> The parties stipulate to the third element of the charged offense, that is, that the firearms and ammunition in this matter were not manufactured in Pennsylvania

3

and that whoever possessed them in Pennsylvania, possessed them in or affecting interstate commerce. [ECF No. 67]

Therefore, the only issue in dispute at trial and the only issue before the Court is whether the Government has proven beyond a reasonable doubt that Defendant Talley had knowing possession of a firearm or ammunition as described in the indictment.

Talley chose not to testify at trial. The only witness who testified that Talley had a gun was Donald King. King had previously pleaded guilty to the same charge in the Court of Common Pleas of Allegheny County and had been granted immunity from prosecution in Federal Court in return for his testimony against Talley. We must be cautious in deciding whether or not to accept as true the testimony of King for obvious reasons. There was no testimony from any other witness to the effect that Talley had a gun. The entire charge is based on circumstantial evidence <u>except</u> the testimony of King.

If we accept the testimony of King, then the Government has proven beyond a reasonable doubt that Talley is guilty. If we reject that testimony then in order to find that the Government has proven the Defendant's guilt beyond a reasonable doubt we must consider the circumstantial evidence. We choose to accept King's testimony, but also find that the circumstances here lead us to the same conclusion, that the Government has proven beyond a reasonable doubt that Talley was in possession of a gun. The officers observed King and Talley running from one room to another after the police announced their arrival; the guns were found in the room from which King and Talley had run. There is plenty of evidence that Antron Talley possessed a gun on August 28, 2013. There is none that he did not, except that none was found on his person after his apprehension by police.

4

*Conclusion*

The Government having proven beyond a reasonable doubt that Defendant, Antron Talley, violated all the essential elements of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(e) and 2, the Court finds the defendant is guilty of violating 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(e) and 2 and a judgment of guilty shall be entered as to Count 1 of the Indictment against Antron Talley. An appropriate Order will follow.

Date: August 13, 2015

Maurice B. Cohill, Jr.
Senior United States District Court Judge