# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| ) | Criminal No. 14-265 |
| ANTRON TALLEY, ) | |
| ) | Judge Cathy Bissoon |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's Motions for acquittal and for a new trial (Docs. 197 & 198) will be denied, and his Motion for the issuance of a subpoena (Doc. 204) will be denied as moot.

Central to these rulings is the finding, by trial Judge Maurice B. Cohill, that the circumstantial evidence presented at trial fully-supported a finding of guilt, beyond a reasonable doubt, independent of the testimony of Donald King, III ("Mr. King"). Trial Ct.'s Findings & Conclusions (Doc. 82) at 4 (although the Court credited Mr. King's testimony that he witnessed Defendant possessing a firearm, "the circumstan[tial evidence] lead[s] . . . to the same conclusion, that the Government has proven [Defendant's guilt] beyond a reasonable doubt"). The undersigned has no reason, under conscience or the law, to second-guess the trier-of-fact's assessment of the evidence, and nothing in Defendant's filings demonstrates the contrary.

Defendant's *pro se* Motion-papers are exhaustive in length, but short on colorable legal theories as to why his guilty-verdict should be revisited. His arguments and assertions are presented in stream-of-conscience fashion, and attempting to respond to them point-by-point would be a fool's errand. The Court incorporates-by-reference all of the government's arguments in opposition, as if fully restated, and offers the following additional comments regarding Defendant's legal challenges, to the extent they are discernable.

Defendant's ineffective-assistance-of-counsel arguments, as relate to his standby counsel at trial (*see* Doc. 197 at pgs. 7 through 11 of 59), fail as a matter of law. U.S. v. Kennedy, 2018 WL 6831145, *4 n.2 (W.D. Pa. Dec. 28, 2018) (Defendant cannot establish ineffective assistance of standby counsel because, in proceeding *pro se*, he "voluntarily waived the right to counsel") (citation to quoted, binding authority omitted). His narratives regarding "the search for the 'truth'"; prosecutorial misconduct; purported Brady violations (independent of the one concerning Mr. King, discussed further below); alleged perjury and falsifications of documents; purported violations of the Federal Rules of Evidence; newly discovered evidence; and erroneous factual findings (*see* Doc. 197 at pgs. 12 through 57 of 59) – are legal conclusions, cast in the form of argument, and they are unsupported in the trial record. More importantly, none of them cast doubt on the finder-of-fact's clear and supportable determination that he was guilty of the charged-offense.

Defendant's request for a new trial (Doc. 198) is more of the same; except to the extent that he incorporates verbatim his former counsel's papers regarding the purported Brady-violation as relates to Mr. King. The Brady-claim involves Defendant having learned that, shortly before trial, law enforcement began to investigate an assault allegedly committed by Mr. King; and law enforcement purportedly slow-walked the investigation − until after he testified at Defendant's trial – so as not to undermine the weight of Mr. King's testimony. Defendant, and his former counsel, also suggest that Mr. King has enjoyed repeated favorable-treatment based on his presumed relationship as a confidential informant for local law enforcement. *See id.* at 8-29. Defendant's former counsel stopped short of accusing the government of knowing of the putative assault-charge, but suggested that federal authorities

somehow should have known to reach out to local law enforcement for an "update" of Mr. King's status in advance of trial. *See id.* at 22.

The Court agrees with the government that Defendant's aspersions are, on the present record, both speculative and at least somewhat cavalier. In fairness, Defendant has not enjoyed the benefit of discovery, and/or an evidentiary hearing, as relates to his Brady allegations. This whole foray, however, is mooted by the trial Court's clear and express finding that Defendant's guilt had been established, beyond a reasonable doubt, on circumstantial evidence <u>entirely independent of Mr. King's testimony</u>. *See* discussion *supra*. Even were that not the case, there is no Brady violation where, as here, the undisclosed information is cumulative of other evidence in the record. *Compare, e.g.*, Govt.'s Opp'n Br. (Doc. 171) at 6 (trial Court already was aware of Mr. King's extensive criminal-history, and his potential incentives as a cooperator; and there is no indication that the more recent alleged-assault would be the "straw that broke the camel's back") *and* Trial Ct.'s Findings & Conclusions at 4 (specifically noting the Court's "cautious[ness] in deciding whether or not to accept as true the testimony of [Mr.] King for obvious reasons," vis-à-vis his cooperation in exchange for immunity) *with* <u>Gibson v. Sec'y Pa. Dep't Corr.</u>, 718 Fed. Appx. 126, 131-32 (3d Cir. Dec. 22, 2017) (no Brady violation where undisclosed information, relating to witness's cooperation-incentives, was "cumulative," "superfluous and therefore ha[d] little, if any, probative value" under materiality-prong) (citation to quoted and other published decisions omitted).

Defendant's Brady challenge gains no traction, and his Motion for the issuance of a subpoena (**Doc. 204**), related thereto, is **DENIED AS MOOT**. Otherwise, Defendant has failed to convince the Court that his guilty-verdict must or should be disturbed, and his Motions for acquittal and/or for a new trial (**Docs. 197 & 198**) are **DENIED**.

Now that Defendant's post-trial Motions have been resolved, the case again is ready to be set on track for sentencing. Given the tortuous post-trial procedural disposition of this case, it has been years since the original Presentence Investigation Report ("PSR") was prepared (*see* Doc. 92); and there have been multiple addenda to the PSR. Also, Defendant's written Position(s) with Respect to the PSR were authored by one of his former lawyers – who Defendant since has accused of providing ineffective-assistance.

In light of these circumstances, the Court will order as follows. A revised presentence order will be entered, herewith, establishing a deadline for the submission of an amended (final) presentence report, and a revised sentencing-recommendation. The parties' will file written positions with respect to sentencing factors, which will be will followed by an addendum to the amended PSR. Finally, the parties will be invited to file sentencing memoranda, and any supplemental information regarding sentencing, should they wish to do so; and a date and time for a sentencing-hearing will be set. Given the delays already occasioned, the Court does not anticipate granting any extensions.

IT IS SO ORDERED.


March 7, 2019                                    s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via First-Class, U.S. Mail):

Antron Talley
GU 9829
SCI Forest
P.O. Box 945
Marienville, PA  16239

cc (via ECF email notification):

All Counsel of Record