# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| ) | Criminal No. 14-265 |
| ANTRON TALLEY, ) | |
| ) | Judge Cathy Bissoon |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons that follow, the Sentencing set for May 29, 2019 at 10:00 a.m. will be continued, and further briefing ordered.

Having reviewed the record and the relevant case law, the undersigned finds that the Court of Appeals for the Third Circuit's binding decision in U.S. v. Mayo, 901 F.3d 218 (3d Cir. 2018) compels the conclusion that Defendant's aggravated-assault convictions do not qualify as predicate "violent felonies" under the Armed Career Criminal Act. *Id.* (violations under 18 Pa. Cons. Stat. § 2702(a)(1) do not qualify); *see also* Commw. v. Rahman, 75 A.3d 497, 501 (Pa. Super. 2013) ("[l]ogically speaking, a simple assault," which is not an ACCA-predicate offense, "committed against a [law enforcement/corrections] officer in the performance of his duties would satisfy the elements of § 2702(a)(3)") (citation to quoted source omitted).[1]

---

[1] Although frequent reference has been made to District Judge Maurice B. Cohill's Tentative Findings and Rulings regarding Sentencing (Doc. 116), counsel should be disabused of the notion that the filing is controlling, or persuasive, regarding the matters above. By definition, "tentative" findings are not binding on the Court; and they do not provide grounds for overlooking the more-recent decision in Mayo. These conclusions would have been true had Judge Cohill remained-presiding, and they are even more-so now that the case has been reassigned.

Before making a determination regarding whether Mayo's reasoning extends to "crime[s] of violence" in Guideline Sections 2K2.1(a)(2) and 4B1.2(a), the parties should be afforded an opportunity to be heard. Moreover, appeals are pending before the Court of Appeals for the Third Circuit, under Circuit Docket Numbers 18-1225, 16-4194 and 17-1861, that may be relevant to/dispositive of the aforementioned issues.

Finally, in light of the above, Defendant is strongly urged to consider whether it is in his best interest to continue without the benefit of legal representation. The issues above have, and will, prove challenging to experienced legal professionals, with special expertise in the area; and they will prove even more-so to a lay-defendant.

Consistent with the foregoing, the **Sentencing set for May 29, 2019 at 10:00 a.m. is CANCELLED**, and the parties shall cross-file memoranda of law addressing (only) the issues, as narrowly defined above, on or before **July 12, 2019**. In addition, Defendant's motion to appoint counsel, if any, shall be filed by **June 14, 2019**.

IT IS SO ORDERED.

May 29, 2019
                                             s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via First-Class, U.S. Mail):

Antron Talley
GU 9829
SCI Forest
P.O. Box 945
Marienville, PA 16239

cc (via ECF email notification):

All Counsel of Record